Dear Mr. Moresi:
In La. Atty. Gen. Op. 09-0076, we advised Mayor Bob Hensgens of the Town of Gueydan that the state dual officeholding statutes prohibit him from holding the full-time appointive office of hospital director for the Vermilion Parish Hospital Service District No. 3, d/b/a Gueydan Memorial Guest Home. On behalf of the Board of Commissioners governing this hospital service district, you ask if the dual officeholding provisions would be violated if the Board hired Mr. Hensgens as a regular employee, occupying a position other than hospital director.
All hospital service districts "are declared to be political subdivisions of the state" under La.R.S. 46:1072. For purposes of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61 et seq., the Vermilion Parish Hospital Service District No. 3, d/b/a Gueydan Memorial Guest Home, is a political subdivision separate from the municipality of Gueydan, where Mr. Hensgens holds the elective office of mayor. See La.R.S. 42:62(9).
La.R.S. 42:63(D) states "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . full-time appointive office . . . in the government of a political subdivision thereof" and further states "no such person shall hold at the same time employment . . . in the same political subdivision in which he holds an elective office." However, while La.R.S. 42:63(D) prohibits a person elected to local from holding employment in the same political subdivision in which he holds elective office, a local elected official is not prohibited by La.R.S. 42:63(D) from holding employment in a separate political subdivision of the state.
Here, the dual-officeholding provisions do not prohibit Mr. Hensgens from holding employment with the hospital service district, as the municipality and the hospital service district are separate political subdivsions. *Page 2 
As discussed in La. Atty. Gen. Op. 09-0076, Mr. Hensgens may not hold the elective office of Mayor while holding the full-time appointive office of hospital service director. It is axiomatic that Mr. Hensgens may not be hired by the hospital service district in a position of "employment" where he in fact functions as the director of the hospital. In other words, he may not be hired by the hospital service district in a position to accomplish indirectly what he is not by law permitted to do directly.
This opinion is limited to an examination of the dual officeholding statutes. Any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg